**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TIMOTHY RAYFORD, | : | |
| | : | Civil Action No. 15-7355 (PGS) |
| Plaintiff, | : | |
| | : | |
| v. | : | OPINION |
| | : | |
| TWO UNKNOWN LINDEN POLICE OFFICERS, et al., | : | |
| | : | |
| Defendants. | : | |

**SHERIDAN, DISTRICT JUDGE**

Plaintiff Timothy Rayford, ("Plaintiff"), a pre-trial detainee confined at Union County Jail in Elizabeth, New Jersey at the time of filing, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court previously granted Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and ordered the Clerk of the Court to file the Complaint. (ECF No. 2.)

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed without prejudice.

## I. BACKGROUND

Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants John Doe Linden Police Officers; Linden Police Department; and Sergeant Patricia Gusmano. The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

On July 31, 2014, Plaintiff and his brother voluntarily went to the Linden Police Department for questioning. (Compl. ¶ 6.) They were placed in separate rooms and Plaintiff was informed that he was under arrest, though the officer refused to tell him the charge at that point. (*Id.*) In a subsequent interrogation a few hours later, Plaintiff was informed as to the charges against him. (*Id.*) An officer read Plaintiff his rights and took a DNA swab from Plaintiff's cheek. (*Id.*) Plaintiff's request to place a phone call to his attorney after his arrest was denied.

Plaintiff is seeking release from custody and monetary damages. (*Id.* ¶ 7.)

## II. DISCUSSION

### A. Legal Standard

### 1. Standards for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This

2

action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner proceeding as an indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

2. **Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

3

be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**B. Analysis**

**1. Defendant Linden Police Department**

Plaintiff has named the Linden Police Department as a defendant in this action. A municipality cannot be held liable for the unconstitutional acts of its employees on a theory of respondeat superior. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). A plaintiff seeking to hold a municipality liable under section 1983 must demonstrate that the violation of rights was caused by the municipality's policy or custom. *Thomas v. Cumberland Cty.*, 749 F.3d 217, 222 (3d Cir. 2014) (citing *Monell*, 436 U.S. at 690–91). Liability is imposed "when the policy or custom itself violates the Constitution or when the policy or custom, while not unconstitutional itself, is the 'moving force' behind the constitutional tort of one of its employees." *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1027 (3d Cir. 1991) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981)).

Here, Plaintiff specifically alleges that the only basis for his claims against the City of Linden[2] is its employment of the police officers who allegedly violated his rights. This is

---

[2] Although local governmental units may constitute "persons" against whom suit may be lodged under 42 U.S.C. § 1983, a city police department is a governmental sub-unit that is not distinct

4

insufficient to state a claim against these entities. *See Monell*, 436 U.S. at 690–91. Plaintiff must allege that the violation of rights of his rights was caused by the municipality's policy or custom, which he has failed to do. *Id.* As a result, Defendant City of Linden will be dismissed from this action.

## 2. False Arrest

It appears that Plaintiff is alleging a claim for false arrest against Defendants John Doe Police Officers.

"To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012). "Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Merkle v. Upper Dublin Sch. Dist.*, 2111 F.3d 782, 788 (3d Cir. 2000) (internal quotation marks and citations omitted); *accord Revell v. Port Auth. of New York, New Jersey*, 598 F.3d 128, 137 n. 16 (3d Cir. 2010); *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995).

Here, Plaintiff provides no facts about the crimes for which he was arrested. He states that he went to the police station voluntarily for questioning, but he provides no further information about the underlying alleged crime. Moreover, though he states that he was initially arrested and not informed of the charges until a few hours later, he still does not provide any information about

---

from the municipality of which it is a part. *Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 114 (3d Cir. 2014). Therefore, the Court will construe this claim as against the City of Linden.

5

the charges or the lack of probable cause for said arrest. In short, Plaintiff has failed to provide sufficient factual matter to allow the false arrest claim to proceed at this juncture. *See Fowler*, 578 F.3d at 210; *Iqbal*, 556 at 678.

### 3. Illegal Search and Seizure

Plaintiff alleges that a DNA swab was taken from his cheek without his permission and without a warrant.

The Fourth Amendment, binding on the States by the Fourteenth Amendment, provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." The Supreme Court recently held that

> [i]n light of the context of a valid arrest supported by probable cause respondent's expectations of privacy were not offended by the minor intrusion of a brief swab of his cheeks. By contrast, that same context of arrest gives rise to significant state interests in identifying respondent not only so that the proper name can be attached to his charges but also so that the criminal justice system can make informed decisions concerning pretrial custody. Upon these considerations the Court concludes that DNA identification of arrestees is a reasonable search that can be considered part of a routine booking procedure. When officers make an arrest supported by probable cause to hold for a serious offense and they bring the suspect to the station to be detained in custody, taking and analyzing a cheek swab of the arrestee's DNA is, like fingerprinting and photographing, a legitimate police booking procedure that is reasonable under the Fourth Amendment.

*Maryland v. King*, 133 S. Ct. 1958, 1980, 186 L. Ed. 2d 1 (2013). As clearly stated by the Supreme Court, whether the DNA swab is reasonable under the Fourth Amendment depends on whether the arrest was supported by probable cause. Here, as discussed in the previous section, Plaintiff does not provide any information about the probable cause, or lack thereof, which existed at the time of his arrest. While it is clear that the swab of his cheek occurred after his arrest,

Plaintiff has provided no other facts. Without such further factual allegations, the Court is unable to determine whether Plaintiff has sufficiently alleged a Fourth Amendment claim for unlawful search and seizure. *Id.*; *Iqbal*, 556 at 678.

### 4. Phone Call

Plaintiff alleges that after he was arrested, his *Miranda* rights were violated. Specifically, he was not permitted to call his attorney. However, "'violations of the prophylactic *Miranda* procedures do not amount to violations of the Constitution itself. The right protected under the Fifth Amendment is the right not to be compelled to be a witness against oneself in a criminal prosecution, whereas the 'right to counsel' during custodial interrogation ... is merely a procedural safeguard, and not a substantive right." *Giuffre v. Bissell*, 31 F.3d 1241, 1256 (3d Cir. 1994). A violation of *Miranda* is therefore not actionable under § 1983 unless statements resulting from that violation are used against a plaintiff in his criminal trial. *See Renda v. King*, 347 F.3d 550, 557–58 (3d Cir. 2003); *see also Brown v. SEPTA*, 539 F. App'x 25, 28 (3d Cir. 2013). As Plaintiff does not allege that he made any statement, and does not allege any statement taken in violation of *Miranda* has been used against him in a criminal trial, his constitutional rights have not been violated and he fails to state a claim for relief under § 1983.

## III. CONCLUSION

For the reasons stated above, the Complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant

Plaintiff leave to move to re-open this case and to file an amended complaint.[3]  An appropriate order follows.

Dated: 11/16/15

                                              Peter G. Sheridan, U.S.D.J.

---

[3] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*

8