NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
### NEWARK VICINAGE

| | | |
|---|---|---|
| TIMOTHY RAYFORD, | : | **CIV. NO. 15-7355(SRC)** |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| TWO UNKNOWN LINDEN POLICE OFFICERS, | : | |
| SGT. PATRICIA GUSMANO, AND | : | |
| LINDEN POLICE DEPARTMENT, | : | |
| | : | |
| Defendants. | : | |

**CHESLER**, U.S. District Judge

This matter comes before the Court upon Plaintiff's submission of an amended civil rights complaint under 42 U.S.C. § 1983. (Am. Compl., ECF No. 8). Plaintiff is a pretrial detainee confined in Union County Jail in Elizabeth, New Jersey. (Id., ¶3.)

I.   SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(b) and § 1915A

Plaintiff has been granted IFP status. (Order, ECF No. 2.) The Court is required to review a prisoner's civil rights complaint under 28 U.S.C. § 1915(e)(2)(b) and § 1915A, and Plaintiff's original complaint was dismissed without prejudice. (Opinion and Order, ECF Nos. 3, 4.) Plaintiff's Amended Complaint is now before the Court. The Court must again dismiss any claims that: (1) are

1

frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

II.  DISCUSSION

  A.   The Amended Complaint

Plaintiff alleges the following in his Amended Complaint. On July 31, 2014, a Linden Police Officer arrested Plaintiff and told Plaintiff that he did not know why he was arresting Plaintiff. (Am. Compl., ¶6, Claim One.) Plaintiff alleges that the officer was negligent, caused Plaintiff emotional distress, and violated Plaintiff's rights under the 4th, 5th, 6th, 9th and 14th Amendments of the Constitution. (Id.)

In Claim 2, Plaintiff alleges that another unknown Linden Police Officer falsely arrested him and patted him down, abusing the officer's official power by taking Plaintiff's property. (Id., Claim 2.) Plaintiff alleges that such conduct violated Plaintiff's 4th, 5th and 14th Amendment rights under the Constitution. (Id.)

Plaintiff alleges, in Claim 3, that an unknown Linden Police Officer inflicted physical and psychological harm upon him by placing him in a holding cell and handcuffing him to a bar on the wall, causing him back pain and burning wrist pain that shot up

2

into his shoulder. (Id., Claim 3.) This caused Plaintiff mental and emotional scarring. (Id.)

In Claim 4, Plaintiff asserts that on July 31, 2014, unknown Linden Police Officers unlawfully seized Plaintiff's DNA through his mouth, which caused him to suffer a psychosomatic disorder. (Id., Claim 4.)

Under the "Relief" section of his Amended Complaint, Plaintiff wrote "see attached." (Am. Compl., ECF No. 8, ¶7.) There are no attachments to the Amended Complaint. The Court will assume that Plaintiff is seeking damages and/or injunctive relief. If Plaintiff is seeking release from custody, he must first exhaust all of his available state court remedies before bringing a habeas petition under 28 U.S.C. § 2254. 28 U.S.C. § 2254(b)(1)(A). This means he must proceed through trial and his appeals, including before the New Jersey Supreme Court, before resorting to federal court for relief. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.") Pre-trial habeas relief is available only

under extraordinary circumstances." <u>Moore v. DeYoung</u>, 515 F.2d 437, 443 (3d Cir. 1975).

B.   Standard of Review

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)(quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint." <u>Id.</u> A court need not accept legal conclusions as true. <u>Id.</u> Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. <u>Id.</u> Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Id.</u> at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by

4

factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

C.   Claims Under 42 U.S.C. § 1983

"[A] plaintiff seeking to hold an individual liable under § 1983 must establish that she was deprived of a federal constitutional or statutory right by a state actor." Kach v. Hose, 589 F.3d 626, 646 (3d. Cir. 2009). "Section 1983 is not a source of substantive rights and does not provide redress for common law torts—the plaintiff must allege a violation of a federal right." Berg v. County of Allegheny, 219 F.3d 261, 268 (3d Cir. 2000)(citing Baker v. McCollan, 443 U.S. 137, 146 (1979)). A court reviewing a § 1983 claim must "identify the exact contours of the underlying right said to have been violated." Id. (quoting County of Sacramento v. Lewis, 523 U.S. 833, 841 n. 5 (1998)).

1.   Sergeant Patricia Gusmano

Plaintiff does not describe in the Amended Complaint how Sergeant Patricia Gusmano violated any of his federal constitutional rights. To state a § 1983 claim, a plaintiff must describe the defendant's personal involvement in the misconduct

5

alleged. Iqbal, 556 U.S. at 676. Therefore, Sergeant Patricia Gusmano will be terminated from this action without prejudice.

### 2.   Linden Police Department

As the Court noted in the order dismissing Plaintiff's original complaint, a city police department is a governmental sub-unit that is not distinct from the municipality of which it is a part. Jackson v. City of Erie Police Dep't, 570 F. App'x 112, 114 n.2 (3d Cir. 2014). Again, the Court will construe the claim against the police department as a claim against the City of Linden.

"[O]ur first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989). Plaintiff has not alleged a violation of his rights that was caused by a policy or custom of the City of Linden. Therefore, the City of Linden will be dismissed without prejudice from the Amended Complaint.

### 3.   False Arrest Under the Fourth Amendment

To state a § 1983 claim for false arrest in violation of the Fourth Amendment, a plaintiff must allege that (1) there was an arrest; and (2) the arrest was made without probable cause. James

v. City of Wilkes-Barre, 700 F.3d 675, 680 (3d Cir. 2012).
Probable cause is determined under the totality of the
circumstances and requires only "a probability or substantial
chance" of the criminal activity in question. Peterson v. Attorney
General Pennsylvania, 551 F. App'x 626, 628-29 (3d Cir.
2014)(quoting U.S. v. Miknevich, 638 F.3d 178, 185 (3d Cir. 2011)
(internal quotation marks omitted)).

Plaintiff must assert sufficient facts to support his claim
that his arrest was not based on probable cause. In the Amended
Complaint, he has not described what he was arrested for, nor the
asserted basis of probable cause for the arrest. Plaintiff alleges
only that a Linden Police Officer told him he did not know why he
was arresting him. A district court need not accept as true a bare
allegation that an officer lacked probable cause to arrest. Wheeler
v. Wheeler, 639 F. App'x 147, 150 (3d Cir. 2016.)

Furthermore, Plaintiff noted in his Amended Complaint that he
asked his defense attorney to file a motion to suppress the DNA
evidence obtained from him. (Am. Compl., ECF No. 8 at 4, ¶5). It
is implausible that, two years into his state criminal proceeding,
Plaintiff does not know the basis for his arrest.

Plaintiff, in the Amended Complaint, wrote "see attachment"
in several different places, but there were no attachments to the

7

Amended Complaint. This may explain why important facts are missing. If Plaintiff amends his complaint again, he should describe all pertinent facts directly in a Second Amended Complaint. For these reasons described above, Plaintiff has failed to state a Fourth Amendment claim for false arrest, and this claim will be dismissed without prejudice.

The Court further notes that a claim of false arrest does not implicate the Fifth, Sixth, Ninth or Fourteenth Amendments to the Constitution. See Albright v. Oliver, 510 U.S. 266, 266 (1994)("[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims'") (quoting Graham v. Connor, 490 U.S. 386, 395 (1989)); see Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir. 1988)("a claim for false arrest, unlike a claim for malicious prosecution, covers damages only for the time of detention until the issuance of process or arraignment, and not more")(quoting Heck v. Humphrey, 512 U.S. 477, 484 (1994)(citing W. Page Keeton et al., Prosser and Keeton on Law of Torts § 119, at 888 (5th ed. 1984)))); see Merkle v. Upper Dublin School Dist., 211 F.3d 782, 792 (3d Cir. 2000)(the Sixth Amendment "affords

8

individuals rights to a speedy trial, to an impartial jury, to know the nature and cause of a criminal accusation, to be confronted with the witnesses against them, and to effective assistance of counsel"); see Perry v. Lackawanna County Children & Youth Services, 345 F. App'x 723, 726 (3d Cir. 2009)("the Ninth Amendment does not independently provide a source of individual constitutional rights") (citing e.g., Jenkins v. C.I.R., 483 F.3d 90, 92 (2d Cir. 2007)); Schowengerdt v. United States, 944 F.2d 483, 490 (9th Cir. 1991)). Therefore, these claims in the Amended Complaint will also be dismissed.

4.    Illegal Seizure

In Claim 2, Plaintiff alleges that an unknown Linden police officer illegally searched him and seized his property upon his false arrest and that such conduct violated his 4th, 5th and 14th Amendment rights under the Constitution. "At the stationhouse, it is entirely proper for police to remove and list or inventory property found on the person or in the possession of an arrested person who is to be jailed." Illinois v. Lafayette, 462 U.S. 640, 646 (1983.) Plaintiff has not alleged why there was no probable cause for his arrest.  In the absence of an alleged basis for why there was no probable cause to arrest, the seizure Plaintiff describes was a proper "stationhouse" inventory search. Therefore,

Claim 2, which arises under the Fourth Amendment, will be dismissed without prejudice.

### 5.   Excessive Force

A pre-arraignment arrestee is subject to Fourth Amendment protection. See Hill v. Algor, 85 F.Supp.2d 391, 403 (D.N.J. 2000)(adopting reasoning of Ninth and Tenth Circuits in holding that a pre-arraignment arrestee's excessive force claim was governed by the Fourth and not the Fourteenth Amendment to the Constitution). Excessive Force in making an arrest is analyzed under the Fourth Amendment's "objective unreasonableness" standard. Graham v. Connor, 490 U.S. 386, 388 (1989). "The test of reasonableness under the Fourth Amendment is whether under the totality of the circumstances, 'the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivations." Kopec v. Tate, 361 F.3d 772, 776 (3d Cir. 2004).

Plaintiff has not alleged why or how long he was handcuffed to a bar on the wall in the holding cell, nor has he alleged that he complained to anyone of his discomfort and was ignored. Without knowing additional circumstances surrounding the alleged use of excessive force in this case, the Court cannot determine whether

10

such force was objectively unreasonable. Therefore, the Court will dismiss this claim without prejudice.

### 6.    Illegal Search and Seizure of DNA

In Claim 4, Plaintiff alleges only that an unknown Linden police officer(s) illegally seized his DNA by swabbing inside his mouth. The Court dismissed this claim in Plaintiff's original complaint because whether a DNA swab is reasonable under the Fourth Amendment depends on whether the arrest was supported by probable cause, which Plaintiff had not properly pled. (See Opinion, ECF No. 3 at 6, quoting Maryland v. King, 133 S.Ct. 1958, 1980 (2013)("[i]n light of context of valid arrest supported by probable cause respondent's expectation of privacy were not offended by the minor intrusion of a brief swab of his cheeks. . .") Plaintiff's Amended Complaint suffers this same deficiency. Therefore, Claim 4 will be dismissed without prejudice.

### 7.    State Law Negligence Claims

For the reasons discussed above, the Court will dismiss without prejudice all of Plaintiff's federal claims. Therefore, the Court will decline to exercise jurisdiction over Plaintiff's state law negligence claims at this time. See 28 U.S.C. § 1367(c)(3)(district courts may decline to exercise supplemental

11

jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction).

IV.   CONCLUSION

For the reasons discussed above, in the accompanying Order filed herewith, the Court will dismiss the Amended Complaint without prejudice and administratively terminate this action. If Plaintiff chooses, he may seek to reopen this action by filing a Second Amended Complaint.


DATED: September 23 , 2016



STANLEY R. CHESLER
Honorable Stanley R. Chesler
UNITED STATES DISTRICT JUDGE
United States District Court Judge

12